AUGUST GRUNDIES *et al.*

*v.*

SAMUEL BLISS *et al.*

1. CONTINUANCE — *where absent testimony will not change the result.* Where the testimony of an absent witness could not have changed the verdict if given, this court will not reverse the judgment for a refusal to grant a continuance.

2. SAME — *no diligence.* Where an affidavit for a continuance fails to show due diligence to obtain the testimony of an absent witness, a motion for a continuance is properly overruled.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. FORRESTER, BEEM & GIBBS, for the appellants.

Messrs. HOLMES, RICH & NOBLE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *assumpsit* in the Superior Court of Cook County, in which Samuel Bliss, Alexander P. Moore, and William B. Topliff were plaintiffs and August Grundies and Albert Grundies, copartners, were defendants. The action was brought to recover a bill of groceries amounting to $752.75. The cause was tried by a jury on the plea of *non assumpsit,* and a verdict and judgment for the plaintiffs, a motion for a new trial having been denied.

To reverse this judgment the defendants appeal.

The chief point of contention is the refusal of the court to continue the cause on the affidavit of one of the defendants. We have examined this affidavit and all the testimony in the cause, and are well satisfied that, had the absent witnesses for defendants been present and testified, their testimony would not have changed the verdict. The proof of the delivery of the goods was positive, requiring stronger testimony than that of the absent witnesses to overcome. One witness for plaintiffs stated that, after the purchase of

the bill of goods on which the suit was brought, Albert Grundies, one of the defendants, said, on being presented with it, that they thought they could pay it in two weeks, and was told unless it was paid in two weeks they would be sued.

The affidavit discloses no diligence to obtain the testimony of the absent witnesses, and, as we have said, their testimony could not have changed the verdict. The verdict is right, and appellants justly liable for the price of these goods. The appeal seems to have been taken more for delay than for any just cause of complaint. The judgment is affirmed.

*Judgment affirmed.*